IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |
|---|---|
| Plaintiff<br><br>William Gale Emerick<br><br>vs<br><br>Defendants<br>Jeffrey Niespodziany<br>and<br>South Bend Clinic | )<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO. 3:23-cv-00055-JD-MGG<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED COMPLAINT**

<u>*AS PER: ORDER*</u> of Chief Judge Jon E DeGuilio on 1/27/23, *"that Plaintiff file an amended complaint by February 17, 2023, properly alleging the citizenship of each party."*

**PARTIES**

**Plaintiff, William Gale Emerick** is and has always considered himself to be a free, living, breathing man, with a body and soul and not an artificial corporate entity. Plaintiff has recently corrected his citizenship status **FROM** that of 14th amendment "minor", UNITED STATES INC citizen status **TO** American State National, as per 8 USC 1101 (a) 21 and 23, with original Constitutional and Common Law rights. (SEE EXHIBITS H-I-J-K), Plaintiff maintains his primary home and domicile in Miami-Dade County at 10833 NW 83rd St. Unit 3, Doral, Florida 33178. Currently and for the past five (5) years, Plaintiff has been a citizen of Florida and an occasional temporary resident of Marshall County, Indiana, DBA William Emerick, under contract in commerce with Defendants as well as other local Indiana medical service companies.

**Defendant, Jeffrey Niespodziany**, (hereafter referred to as "Defendant JN"), Citizen of St. Joseph County Indiana, with his domicile located at 14930 State Road 23 Granger, IN 46530, and a publicly listed business address in Joseph County located at 301 E Day Rd, Mishawaka, IN 46545.

**Defendant, SOUTH BEND CLINIC LLC**, (hereafter referred to as "Defendant SBC"), is a <u>Domestic Limited Liability Company</u> with Jurisdiction of Formation of Indiana and with its principal office address in St. Joseph County at 211 N Eddy St, South Bend, Indiana 46617.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Defendant SBC wrote Plaintiff a letter, dated October 14, 2022, taking dominion and complete charge of Defendant JN's past and future commerce with Plaintiff Jeffery Niespodziany. This letter is prima facia evidence that South Bend Clinic, (SBC), is Co-Defendant. (SEE EXHIBIT E).

## JURISDICTION

**1.** This Court has Jurisdiction over Plaintiff's claims against Defendants under 28 U.S.C. 1332 as the present action has complete diversity of citizenship, and the amount Plaintiff seeks under Summary Judgement from the Court has a value exceeding $75,000.00 exclusive of interest and costs. Both Defendants engage in commerce domiciled in St. Joseph County, Indiana and Plaintiff's domicile is in Miami-Dade County, Florida living on the land as an American State National. (SEE EXHIBIT H)

## VENUE

Venue has been corrected and amended by Plaintiff per ORDER of Chief Judge Jon E DeGuilio on 1/27/23, **FROM** UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA FORT WAYNE DIVISION, **TO** UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA SOUTH BEND DIVISION.

## FORUM

**2.** There are no adverse parties in this cause as all parties must be assumed in agreement. The Parties have true DIVERSITY in that Plaintiff is a living, breathing man with citizenship status of American State National, with a domicile in Miami-Dade, Florida, who is entitled to an Article III court under COMMON LAW. Defendant JN is a US citizen with domicile of St. Joseph County, Indiana and Defendant SBC is an Indiana, USA LLC with main office located in St. Joseph County, Indiana which makes the proper forum to be in the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

### BREACH OF CONTRACT

**3.** Plaintiff asserts this is a Common Law **breach of contract cause of action without dispute and free of controversy**. Because of lack of dispute due to Defendants' total acquiescence of the facts of this cause, Plaintiff is entitled to SUMMARY JUDGEMENT as a matter of fact of law.

**4.** *Amendment Note:* Plaintiff wishes to **correct any error** in giving a perception to the court in the original Complaint filing of this cause of action as *"mal-practice"*. Plaintiff's original intention in filing was and is **BREACH OF CONTRACT, NOT** mal-practice **which is not part of this complaint or cause of action**.

**5.** Plaintiff does not declare to have direct knowledge of, nor is he required to provide evidence of mal-practice to be entitled to SUMMARY JUDGEMENT as Plaintiff as well as the Court must assume there are no adverse parties remaining in this cause and all parties are in agreement with Plaintiff's statements of fact of breach of contract in his original Affidavit of Truth and this cause of action was brought due to Breach of Contract alone.

**6.** Plaintiff has direct knowledge and experience that Plaintiff's known damages were and are continued to be caused by breach of contract by Defendants and all indications confirm that Defendants agree. Plaintiff allege that all such breach of contract and damage fee schedule declared in Plaintiff's statements of fact in Plaintiff's Affidavit of Truth along with Plaintiff's invoice of damage claim invoice number UF410663725US **are not in dispute and agreed by Defendants** by their silence and tacit agreement. There-fore there are no adverse parties nor controversy or dispute in question.

**7.** Plaintiff's Complaint is supported with detailed explanation with supporting exhibits which include specific dates, time line table, proof of service and other details in Plaintiff's cause of action filed documents to be transferred to UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION including; INDEX COVER PAGE,

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**8.** NOTICE OF APPEARANCE, MOTION FOR SUMMARY JUDGEMENT, STATEMENT OF FACTS, SWORN TESTIMONY IN THE FORM OF AFFIDAVIT IN SUPPORT OF SUMMARY JUDGEMENT, BRIEF IN SUPPORT OF SUMMARY JUDGEMENT, Proposed: SUMMARY JUDGEMENT and EXHIBITS.

## FACTS NOT IN DISPUTE

**9.** As all commerce is contract, Plaintiff made a contract with Defendant JN to surgically repair his ankle, provide surgical expertise, sound medical advice, and answer medical question about his care in return for payment reimbursement underwritten from Plaintiff's insurance company.

**10.** Plaintiff paid Defendant, in full, but Defendant JN breached that contract by failure to repair the ankle, failure to provide surgical expertise, failure to provide sound medical advice or answer Plaintiff's questions concerning his foot and ankle while under contract in commerce. Defendant JN then refused to respond to Plaintiff's written affidavit with statements of fact after being served five (5) demand notices.

**11.** Said contract was canceled in writing on 10/14/2022 by Defendant SBC. (see Exhibit E)

**12.** Defendant SBC is culpable because in the letter included in evidence in this cause, (EXHIBIT E), the author of the letter confirmed the existence of Plaintiff's contract with Defendants and took dominion and responsibility for Defendant JN's contracts in commerce for both the past and future business.

**13.** Statute of limitations are not applicable in this cause of action as the damages and breaches of contract were an on-going series of events last terminating 10/14/2022. This issue and all others stated in this cause are a settled matter between the parties due to Defendants silence and tacit agreement

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

## DAMAGES

**14.** Approximately 12 years ago Plaintiff entered into an ongoing contract in commerce with Defendants to provide medical advice and to install an artificial ankle by Defendant JN in Plaintiff's left foot.

**15.** The surgery was performed and the ankle never worked correctly and Plaintiff retained a large bulge on the left outside and Plaintiff had debilitating weakness on the outside left of Plaintiff's foot that would make Plaintiff's ankle roll whenever Plaintiff walked.

**16.** For 12 years Plaintiff experienced pain on both sides of the foot and noticed one leg shorter than the other adversely affecting Plaintiff's lower back when Plaintiff stood or walked.

**17.** Over the years Plaintiff's complaints of the problems were completely unanswered and Defendant JN refused to honor his contract to answer Plaintiff's questions, acknowledge Plaintiff's specific problems or repair his ankle.

**18.** Plaintiff often asked Defendant JN why was Plaintiff never able to walk correctly and Plaintiff's foot would not lift upwards any more than 25% of Plaintiff's right foot motion. This lack of movement caused constant pain when walking causing a limp and also caused him to walk with his foot sideways because if he tried to walk normally his heal would lift off the ground and there would be pain.

**19.** The strange irregular walking slowly affected Plaintiff's lower back and hips.  Pain was constant and ignored in an on-going series of office visits for 12 years and walking distance was minimized causing the habit of counting every step to minimize walking to prevent pain.

**20.** Plaintiff asked Defendant JN why this was so at every visit but he just changed the subject and refused to answer Plaintiff's question.

**21.** Because of this irregular walking and standing Plaintiff has had to endure the pain and misery of 4, (four) herniated discs in Plaintiff's lower back resulting in surgeries for three of them and Plaintiff is now in the process of going through Plaintiff's forth herniated disc in Plaintiff's lower back caused by Defendant JN's breach of contract.

**22.** For over 12 years Plaintiff asked him every time Plaintiff had an office visit why did Plaintiff continue to have pain and Plaintiff's foot would not lift and Plaintiff was forced to walk like a

**23.** duck with Plaintiff's left foot turned outward and Defendant JN always refused to answer and changed the subject.

**24.** For over 12 years Plaintiff asked Defendant JN at dozens of office visits why did Plaintiff have improper range of motion, lateral weakness and a large bulge on the outside of Plaintiff's ankle and Defendant JN always refused to answer and changed the subject.

**25.** For over 12 years Plaintiff asked Defendant JN at every office visit why the constant pain in three different locations with lack of control causing the ankle to roll outward without control and he refused to answer and changed the subject.

**26.** In 2021 Defendant surgically removed a small bone spur from the ankle but again breached his on-going contract with Plaintiff by refusing to correct the main problems.

**27.** In 2022 Plaintiff sought another Indiana sports surgeon. After examining Plaintiff and his x-rays, the new surgeon agreed to do corrective surgery.

**28.** In July of 2022 the new surgeon surgically repaired the damage caused by the breach of contract of Defendant JN. (SEE EXHIBIT L)

**29.** The new surgeon removed Defendant's improperly installed hardware and in the x-rays of before and after any layman can see that the hardware and screws installed by Defendant JN were grossly inferior and installed incorrectly in breach of his contract.

**30.** The new surgeon corrected the improper cutting of Plaintiff's heal bone done by Defendant JN that was part of the cause of the foot rolling, along with tightening the tendons to stop the foot rolling.

**31.** The new surgeon corrected, by tightening some, lengthening others to adjust the necessary ligaments, and tendons of Plaintiff's foot as should have been done by Defendant JN.

**32.** It was after the new surgeon performed the adjustments of Plaintiff's tendons and ligaments in Plaintiff's foot that Plaintiff learned that the artificial ankle that Defendant JN installed was totally unnecessary and all Plaintiff needed 12 years ago was a competent surgeon to repair the ligaments and tendons correctly.

**33.** Had Defendant JN not breached his contract with Plaintiff and directed him to a proper skilled surgeon, such as my new sports surgeon, who did have the knowledge and skill to adjust and repair Plaintiff's ligaments and tendons Plaintiff would not now be permanently crippled.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

34. The new surgeon surgically installed other correct artificial ankle hardware and removed the incorrect useless wire mesh hardware installed by Defendant JN. The new surgeon surgically tightened and adjusted soft tissue ligaments and tendons that gave the ankle greater natural stability and flexibility that Plaintiff had not experienced in over 12 years. (SEE EXHIBIT M)

35. Defendant JN is guilty of breach of contract in commerce he made with Plaintiff to repair his ankle correctly.

36. Plaintiff honored his portion of the contract and Defendants were paid in full but Plaintiff received nothing of value and has been permanently damaged.

37. The breach of contract of the needless installation of an artificial ankle by Defendant JN was not necessary because the original problem was soft tissue damage not bone or cartilage in the ankle. The new surgeon repaired Plaintiff's soft tissue damage, ligaments and tendons, to make Plaintiff's foot heal nearly pain-free with much better and near normal range of movement. The new surgeon corrected the

38. Damage caused by Defendant JN which caused one leg to be longer than the other, over time creating lower back trauma.

39. Because of the direct actions of Defendant JN Plaintiff has not walked, stood or moved normally over the past 12 years and even after corrective surgery by Plaintiff's new skilled sports surgeon it is evident that Plaintiff will never walk, stand or move normally for the rest of Plaintiff's life and Plaintiff demands restitution and remedy for all of the pain, suffering lost opportunities, pleasures and experiences Plaintiff has been deprived of and will continue to be deprived of because of Defendant JN's actions, inaction and silence, caused by breach of contract.

40. Defendants agree with all of the above points of fact and that they have been in breach of contract, Plaintiff has been damaged and Plaintiff is entitled to SUMMARY JUDGEMENT of his damage claim specified in his lawfully served notice and invoice number UF410663725US.

### REMEDY

41. By changing his citizen status from being a minor US citizen to that of American State National, Plaintiff is entitled to an article III court, common law REMEDY and unlike 14th

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**42.** Amendment citizens Plaintiff is subject to the laws of the Bible, Constitution **for** the united States of America and it's Bill of Rights and all other founding parchments in any court and any Court may provide him REMEDY.

**43.** Per his American State National citizenship status Plaintiff is not subject to and rebuts the *"12 presumptions of court"* as well as the "*Doctrine of Parens Patriae*". Plaintiff also **rebuts the 13th presumption of court which is the false assumption of being labeled a** "*sovereign citizen*", which is an oxymoron as there is no such thing as a "*sovereign citizen*" because these two words by definition are polar opposites such as "hot & cold". The term is a deceptive, derogatory and libelous label, such as "racist", devised to slander and libel Plaintiff's status and obfuscate existing law and the lawful and Constitutionally protected citizenship status of American State Nationals who seek to live in honor and peace. (see EXHIBITS I-J-K)

## *Maxims of Law:*

I. All men and women know that the foundation of law and commerce exists in the telling of the truth, and nothing but the truth.

II. Truth, as a valid statement of reality, and is sovereign in commerce.

III. An unrebutted affidavit stands as truth in commerce.

IV. **An unrebutted affidavit is acted upon as the judgment in commerce.**

V. Guaranteed- All men shall have a remedy by the due course of law. **If a remedy does not exist, or if the remedy has been subverted,** then one may create a remedy for themselves - and endow it with credibility by expressing it in their affidavit.

**44.** REMEDY of TRUTH for Plaintiff has been subverted due to the power of SILENCE of the medical community which is overwhelming in its ability to conspire to obfuscate truth. By the silence no damage can be repaired, corrected or compensated. Therefore, Plaintiff has chosen the simplicity of his own experienced and observable TRUTH by expressing it in his affidavit and demanding Defendant refute Plaintiff's truth and answer his never answered questions and rebut Plaintiff's statements of facts in his lawfully served Affidavit of Truth.

**45.** To force Defendant JN to answer his questions Plaintiff has chosen the REMEDY of Maxim of Law of *"an unrebutted affidavit stands as truth"*, by lawfully serving Defendant with

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Plaintiff's *"Sworn Facts in the form of Affidavit of Truth"*.

**46.** Plaintiff's choice of REMEDY under Common Law, of; *An adverse party shall have a reasonable time to respond, normally (21) twenty-one days, of lawful service receipt of an affidavit, in which to serve a response, point-by-point, in the like form of sworn affidavit rebutting, each numbered statement of fact point-by-point. Failure to respond and rebut within the time prescribed may subject Defendant to Plaintiff's motion to summary ruling as a matter of fact of law."*

**47.** Plaintiff has lawfully served Defendant JN with his Affidavit of Truth and notice of default five times with no response, refute, or rebuttal. Plaintiff's fifth and final notice to Defendant JN was served on 1/20/2023 by process server. (SEE EXHIBIT F)

**48.** Defendant's silence is his acquiescence and tacit agreement of the facts of Plaintiff's Affidavit of Truth and damage claim of Plaintiff's invoice number UF410663725US.

**49.** There-fore, in this cause of action, **there are no adverse parties, dispute or controversy for the court to adjudicate and** the court must RULE on the assumption and presumption that all parties are in agreement. All that remains is for the court to RULE SUMMARY JUDGEMENT in favor of Plaintiff's Motion.

### RELIEF

**50.** Due to damages caused by Defendants, Plaintiff needs much expensive elective surgery and medical treatments to correct the damage to his foot, back, hips and body caused by the breach of Defendant JN that are not affordable to Plaintiff out-of-pocket nor covered and underwritten by insurance.

**51.** The REMEDY and RELIEF of SUMMARY JUDGEMENT of Plaintiff's invoice UF410663725US, will help to allow Plaintiff to finally receive the overdue medical corrective surgeries and treatments to make him whole as well as compensation for pain and suffering caused by the breach. Defendants have approved Plaintiff's invoice UF410663725US by their informed silence and tacit agreement on five (5) separate occasions.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**52.** As per ROCP Rule 56 (a) "*The court shall grant summary judgement if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law. The court should state on the record the reasons for granting or denying the motion.*"

**53.** Defendant JN failed to respond to Plaintiff's numerous opportunities to answer and use TRUTH to rebut his affidavit there-by by his silence has confirmed his acquiescence and tacit agreement to all of Plaintiff's facts. Failure to respond and rebut within the reasonable amount of time prescribed subjects Defendant JN to Plaintiff's motion of summary ruling as a matter of fact of law."

**54.** Consequently, by Defendant's failure to respond and rebut, the Court can only assume that by Defendant's silence and inaction there is no controversy and Defendants are in tacit agreement with Plaintiff's affidavit, calculations of damage claim and Plaintiff's invoice in commerce as all of these things remain unopposed, unrefuted and unrebutted. With good cause shown and no objection from Defendants, Plaintiff PRAY his motion for **SUMMARY JUDGEMENT be GRANTED**.

All rights reserved

by _____

William Gale Emerick, Sui-juris