UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM GALE EMERICK,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY NIESPODZIANY, et al.,<br><br>    Defendants. | Case No. 3:23-CV-55 JD |

## OPINION AND ORDER

On January 23, 2023, Mr. William Gale Emerick, proceeding pro se, filed a complaint against Defendants Dr. Jeffrey Niespodziany and the South Bend Clinic, invoking diversity jurisdiction as the basis of subject matter jurisdiction. Mr. Emerick alleged that Dr. Niespodziany committed "medical mal-practice and [breached the contract] he had with Plaintiff to repair his ankle correctly," which caused him "great damages." (DE 1 at 5–6.) In this initial complaint, Mr. Emerick alleged that he was a citizen of Florida and that the South Bend Clinic was an "Indiana medical services corporation registered in the state of Indiana with its main office address located at 211 N. Eddy St. South Bend, IN." (DE 1 at 1.) The Court ordered Mr. Emerick to file an amended complaint, explaining that the initial complaint failed to properly allege the place of incorporation or the principal place of business of the South Bend Clinic. (DE 8 at 2.)

Mr. Emerick then filed an amended complaint, which alleged that the South Bend Clinic was a "[d]omestic limited liability company with jurisdiction of formation of Indiana [and that its] principal office address [was] in St. Joseph County . . . Indiana." (DE 9 at 1.) The Court again explained that the allegations of citizenship were deficient. This time, the Court informed Mr. Emerick that if he was alleging that the South Bend Clinic was a limited liability

corporation, he had to allege "[t]he citizenship of each of its members as of the date of the complaint and, if those members have members, the citizenship of those members." (DE 10.)

Mr. Emerick then filed a second amended complaint. In this second amended complaint, Mr. Emerick alleged that the "member-signator assigning the current registered agent is Bradley Scott MD, a US citizen of Indiana with his domicile at 525000 N. Fir. Rd, Granger, IN 46530." (DE 11.) The Defendants then filed a motion to dismiss this second amended complaint, explaining that subject matter jurisdiction was still lacking for two reasons: (1) Mr. Emerick failed to identify the members of the South Bend Clinic LLC and those members' citizenship; and (2) Mr. Emerick failed to comply with the Indiana Malpractice Act. (DE 19.)

After this motion to dismiss, Mr. Emerick filed a third amended complaint, entitled "Amended Complaint Breach of Contract [i]n the Form of Affidavit of Truth." (DE 27 at 1.) This third amended complaint includes the same allegations regarding the citizenship of the South Bend Clinic LLC, alleging that "the member-signator assigning the current registered agent is Bradley Scott MD . . . ." (DE 27 at 2.) This third amended complaint also makes a series of arguments in response to the motion to dismiss that are rooted in sovereign-citizen theories. For example, Mr. Emerick asserts that "[a]ll native-born Americans are State Nationals, sovereign at birth, until their mothers, signing as informant, are unwittingly defrauded into converting their precious little baby into a US Citizen by signing their certificate of live birth, which stripped their baby of their sovereignty in a devious SECRET system . . . ." (DE 27 at 11.) Mr. Emerick also now alleges that he is not a "person" or a "U.S. Citizen," (*Id.* at 4.), and that he is "not subject to statutes, codes, rules or ord[i]nances[.]" (*Id.* at 5.)

The Court dismisses the third amended complaint. Even though the motion to dismiss was filed prior to the third amended complaint, this Court has an independent obligation "to

determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not." *Jaronik v. Town of Lakeville*, No. 3:15-CV-623, 2017 WL 819696, at *1 (N.D. Ind. Mar. 2, 2017) (quoting *Hertel v. Sweet*, 2007 WL 2404804 at *1 (E.D. Wis. Aug. 17, 2007). "[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Ind. State Bd. Of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999)). Given this independent obligation, this Court has the authority to examine its subject matter jurisdiction regardless of when or whether the Defendants filed their motion to dismiss.

Based on the allegations in the third amended complaint, this Court lacks subject matter jurisdiction. Mr. Emerick alleges he is not a United States citizen, which directly contradicts his allegation that he is a citizen of Florida. These allegations contradict each other because, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the state." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). The Court also notes that Mr. Emerick again fails to clearly allege the members of South Bend Clinic LLC, only alleging that "[t]he **member-signator** assigning the current registered agent is Bradley Scott MD . . . ." (DE 27 at 2.) However, this does not indicate whether Bradley Scott is a member of the South Bend Clinic LLC, whether he is the sole member, or his state of citizenship.

This Court has given Mr. Emerick multiple attempts to properly allege his citizenship. Rather than doing so, Mr. Emerick has now put a complaint in front of this Court relying on discredited sovereign citizen theories. Those theories have "no conceivable validity in American law" and sovereign-citizen theories "should be rejected summarily, however they are presented."

3

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).

Not only do these new allegations defeat this Court's subject matter jurisdiction, but they also run afoul of Federal Rule of Civil Procedure 8(a) by being completely incomprehensible. Rule 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction[,] . . . a short and plain statement of the claim showing that the pleader is entitled to relief[,] . . . and a demand for the relief sought." Fed. R. Civ. P. 8(a). "The dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). In his third amended complaint, Mr. Emerick includes a section entitled "my limited diplomatic immunity," even though he is not the one being sued. He eventually goes on to claim that "one of the hidden truths we learn is that there are two of everything" including a "de-jure (real) United States of America and a de-facto (fake) corporate UNITED STATES[.]" (DE 27 at 11.) It's also unclear what remedy Mr. Emerick is seeking since he alleges that he is "not seeking a judgment of confirmation of the truth of any of my statements of facts in any of my affidavits of truth, or to determination of culpable liability and damage assessment **from the court."** (*Id.* at 14.) Simply put, Mr. Emerick's Third Amended Complaint includes non-sensical allegations that run afoul of Rule 8(a).

Mr. Emerick has been given multiple opportunities to file a complaint properly alleging citizenship. Rather than doing so, he has filed a complaint that not only fails to properly allege citizenship, but also now espouses discredited, sovereign citizen theories, in violation of Rule 8(a). Due to this Court's lack of subject matter jurisdiction and Mr. Emerick's failure to comply with Rule 8(a), the Court DISMISSES this case WITHOUT PREJUDICE. The Court also

DENIES Mr. Emerick's second motion for summary judgment and Defendants' motion to dismiss as moot. (DE 14; DE 19.) The Clerk is DIRECTED to close the case.

SO ORDERED.

ENTERED: May 16, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court